RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  8/30/07
       6B

UNITED STATES DISTRICT COURT

WESTERN-DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. NO.: 00-20084** |
| | **CIVIL DOCKET NO.: 07-1127** |
| **VS.** | **JUDGE RICHARD T. HAIK, SR.** |
| **DELIO JESUS CANDIA** | **MAG. JUDGE METHVIN** |

## RULING

Pending before this Court is the MOTION to Vacate, Set Aside, or Correct Sentence (Doc.# 441) by Delio Jesus Candia, pro se. This Court finds that the MOTION to Vacate, Set Aside, or Correct Sentence is without merit.

In this Court, in U.S. v. Candia, Criminal Docket: 00-20084, defendant pled guilty to Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. 846. The Court sentenced defendant to two hundred eighty (280) months of incarceration. Counsel for defendant appealed the Court's sentence, and on June 27, 2006, the United States Fifth Circuit Court of Appeals, in United States v. Candia, 454 F.3d 468 (6/27/06), dismissed defendant's appeal finding this court's sentence to be constitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Defendant filed a Motion to Dismiss pursuant to 28 U.S.C. 2255 claiming that this Court's sentence is unconstitutional on the following grounds:

1

A. Ineffective assistance of trial counsel.

B. Ineffective assistance of appellate counsel.

C. Unconstitutional Sentence under the Sixth Amendment.

Pursuant to 28 U.S.C. 2255, this Court may dismiss a motion without hearing if the files and records of the case conclusively show that the prisoner is entitled to no relief.

The Defendant claims that his trial counsel was ineffective as follows:

1. Counsel failed to raise sentencing issues.
2. Counsel failed to argue against unreliable information at sentencing.
3. Counsel failed to properly investigate the case.
4. Counsel's ineffectiveness was prejudicial.
5. Counsel failed to object to the Court improperly considering the factors of 18 U.S.C. 3553.
6. Counsel was unfamiliar with sentencing guidelines.
7. Counsel forced plea agreement on defendant.
8. Counsel gave bad sentencing advice.
9. Counsel failed to properly interview, cross-examine, and investigate witnesses.

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), the two prong test for deciding the issue of ineffectiveness of counsel is (1) counsel's performance was deficient in that the errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. The defendant bears the burden of proof in showing ineffectiveness of counsel. Strickland.

Defendant first asserts that counsel was ineffective for failing to raise sentencing issues based on violations of Apprendi[1] and Blakely[2]. Under the jurisprudence set out in Apprendi and Blakely, the Court cannot consider any fact, other than the fact of a prior conviction, that increases a penalty

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[2] Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

for a crime beyond the prescribed statutory maximum without the fact first being submitted to a jury, and proved beyond a reasonable doubt. In this case, the defendant was sentenced within the prescribed statutory maximum of ten to life imprisonment. Further, the defendant has not identified how Apprendi and Blakely would change the outcome of his sentence, and therefore, the Court finds that trial counsel was not ineffective for failing to object to the Court's sentence under Apprendi and Blakely.

In reviewing the Court's sentence under Booker, the Fifth Circuit reviewed defendant's sentence and found that this Court properly sentenced the defendant according to factual circumstances and the factors outlined in 18 U.S.C. 3553. Further, the Fifth Circuit found the Court was proper in finding the sentencing guidelines to be advisory only and not binding on the Court according to Booker. Additionally, this Court continued defendant's sentencing hearing until the United States Supreme Court's decision in Booker. The Court did so to guarantee the defendant a reasonable, constitutional sentence according to the new sentencing precedent as set forth in Booker. The Court finds no errors by trial counsel in not objecting to defendant's sentence under Booker.

Defendant's next claim is that trial counsel was ineffective because trial counsel did not object when the Court considered the testimony of the government's witnesses to be reliable and corroborated. Defendant claims that the Court erred in finding the witnesses' testimony to be reliable and corroborated, and should not have considered the testimony in calculating a reasonable sentence. Defendant also claims that, because trial counsel failed to investigate the witnesses, trial counsel could not impeach their testimony on cross examination at the sentencing hearing. Defendant pled guilty to the crime charged. At defendant's sentencing hearing, multiple witnesses testified and corroborated defendant's participation as a serious drug dealer. The Court found the

3

witnesses' testimony to be credible over the objections of trial counsel. (Def. Sent. Tr. Pg. 85). Defendant's memorandum in support of this 2255 motion does not provide the Court with any further information or questions that could have been used by trial counsel to impeach the witnesses' testimony. In summation, defendant has not provided the Court with additional information that should or should not have been considered by the Court that would have change the outcome of defendant's sentence. Further, defendant had the legal right to assist his counsel in cross-examining the witnesses. The Court finds that there is no evidence establishing that trial counsel could have cross-examine the government's witnesses differently and changed the outcome defendant's sentence.

Defendant next claims that trial counsel was ineffective because he did not argue the actual innocence standard at the sentencing hearing. Under the actual innocense standard, the Supreme Court notes that, to establish actual innocence, the defendant, who is convicted as a result of a guilty plea, "must demonstrate that ...it is more likely than not that no reasonable juror would have convicted him." U.S. v. Bousley, 523 U.S. , 118 S.Ct. at 1611 (quoting Schlup v. Delo, 513 U.S. 298, 327-28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Defendant admits that he is guilty of possession of ten kilograms of cocaine, but not more than ten kilograms. The defendant has not provided the court with any evidence that he is innocent of the crime charged or that he was not a serious drug dealer. The Court finds that defendant's claim of ineffectiveness of trial counsel based on trial counsel's failure to argue actual innocence at defendant's sentencing hearing does not have merit.

Defendant's next claim addresses how counsel's ineffectiveness was prejudicial to this Court's determination of a proper sentence under 18 U.S.C. 3553. The defendant asserts counsel

4

failed to object to the Court sentencing defendant substantially higher than other co-defendants, and, further to the Court imposing a consecutive sentence. In this case, trial counsel requested a concurrent sentence for the defendant, and the Government had no objection to a concurrent sentence. This Court had the discretion to run defendant's sentence consecutive or concurrent. After the sentencing hearing, the Court found that a consecutive sentence was proper and reasonable. The defendant appealed the issue of whether the court was proper in issuing a consecutive sentence. The Fifth Circuit found the consecutive sentence to be proper:

> Similarly, 18 U.S.C. 3584(a)- a statute undisturbed by Booker- provides that Candia's federal term of imprisonment may run concurrently or consecutively to his undischarged Texas term of imprisonment. Thus, under the applicable advisory guideline and by statute, the district court was allowed to impose the sentence consecutively to Candia's state sentence. Moreover, if the district court had said nothing about the consecutiveness or concurrence of this sentence, the statutory presumption is that this sentence would run consecutively. 18 U.S.C. 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.") Candia, at page 475.
>
> Candia asserts that this sentence is unreasonable because the sentences mentioned in the district court's statement were reduced and because the district court was misinformed about the length of their post-reduction sentences. There appears to be no dispute that the reductions in sentence occurred as a result of substantial assistance given by the co-defendants. This court has h[e]ld that sentencing disparity produced by substantial assistance departures was intended by Congress and is, thus, not a proper sentencing consideration under section 3553(a)(6)." Duhon, 440 F.3d at 720. Candia does not argue, and the record does not show, that he is similarly situated to the two co-defendants whose sentences were reduced pursuant to Rule 35 because of their substantial assistance. Accordingly, it would have been improper for the district court to consider the co-defendants' reduced sentences in making the instant sentencing determination. Candia, at page 476.

Defendant further contends that trial counsel was not familiar with the sentencing guidelines. This contention is read to mean that trial counsel failed to advise defendant of the potential increase in the advisory sentencing guidelines range if the pre-sentence investigation produced additional facts establishing defendant as a serious drug dealer. Defendant does not articulate any errors by trial counsel that establish trial counsel advised defendant that his sentence would be different from the other co-defendants. As affirmed by the Fifth Circuit, this Court's sentence was consistent with Candia's co-defendants. Trial counsel requested a sentence in 121-151 range, as being served by the co-defendants after receiving a reduction in their sentence because of their substantial cooperation with the government. Unlike the co-defendants, defendant did not receive a reduce sentence because he did not cooperate with the government. See U.S. v. Candia.

Additionally, the defendant contends that his guilty plea was not made knowingly and voluntarily because of misrepresentations made by his trial attorney. Defendant contends trial counsel did nothing in preparation for trial. Again, defendant does not contend he is innocent. Defendant asserts there were defenses trial counsel could have used at trial, but defendant fails to provide the court with an example of the possible defenses trial counsel had available that would have resulted in an acquittal by a jury. Defendant's plea agreement put him on notice that he could receive from ten (10) years to life imprisonment and stated that there was no agreement between defendant and the United States as to the actual sentence that would be imposed by the court. Defendant signed the agreement, which included a statement that he fully understood the agreement. He also informed the district court at sentencing that no one had made him any promises to entice him to plead guilty. Unfulfilled expectations of a lighter sentence do not constitute a fair and just reason for allowing withdrawal of a guilty plea. United States v. Badger, 925 F.2d 101, 104 (5th

Cir.1991). Considering the totality of the circumstances, this Court finds that defendant has not clearly established a fair and just reason for withdrawing his guilty plea. See Fed. R.Crim. P. 32(e); United States v. Brewster, 137 F.3d 853 (5th Cir.1998).

The court further finds that defendant's claim that his appellate counsel was ineffective lacks merit. Defendant claims that his appellate counsel was ineffective for not asserting on appeal that defendant's trial counsel was ineffective. Additionally, defendant further asserts similar claims against his appellate counsel as raised against his trial counsel:

1. Appellate counsel failed to object to defendant's sentence under Apprendi and Blakely.

2. Appellate counsel failed to provide an adequate appellate brief.

3. Appellate counsel failed to object to the Court imposing the consecutive sentence.

4. Appellate counsel failed to object to the Court considering the information in the Pre-Sentence Investigation to be reliable.

5. Appellate counsel failed to the object to the Court imposing a sentencing above the statutory maximum.

The Court has already discussed the claims raised by defendant against his trial and appellate counsel and, found no merit to these claims that would affect the outcome of defendant's conviction and sentence. Therefore, the Court find that defendant failed to raise a claim against appellate counsel that would trigger a claim for ineffective assistance of counsel.

Defendant further raises the issue that his sentence is unconstitutional. On appeal, the Fifth Circuit looked at two issues: Whether defendant's sentence was unreasonable and whether the consecutive sentence was unreasonable. The Fifth Circuit found the sentence imposed on the defendant to be reasonable and proper. In this motion, the Court has found that defendant has failed

to demonstrate ineffectiveness by his trial and appellate counsel that would have changed the results of defendant's criminal proceeding. Therefore, this Court finds that defendant's sentence is constitutional.

**IT IS THEREFORE ORDERED** that the MOTION to Vacate, Set Aside, or Correct Sentence (Doc. #441) is **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 29th day of August, 2007.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA