UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 00-20084 |
| VERSUS | JUDGE HAIK |
| DELIO JESUS CANDIA | MAGISTRATE JUDGE HANNA |

*REPORT AND RECOMMENDATION*

Before the Court is Petitioner's Fed. R. Civ. P. 60(b)(6) Motion Requesting for a Nunc Pro Tunc Amended Judgment of the District Court's Final Order Denying Petitioner's Title 28 U.S.C. §2255 Motion Dated August 30, 2007 (Rec. Doc. 496).

*Background and Argument*

Petitioner Delio Jesus Candia pled guilty to Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 846, and was sentenced to two hundred eighty (280) months of incarceration. He appealed his sentence and on June 27, 2006, the United States Fifth Circuit Court of Appeals in United States v. Candia, 454 F.3d 468 (6/27/06), dismissed his appeal, finding the Court's sentence to be constitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Petitioner then filed a Motion to Dismiss pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and an unconstitutional sentence under the Sixth Amendment. The Court denied the motion on August 30, 2007. In its Ruling, the Court specifically addressed petitioner's arguments

1

that counsel was ineffective for failing to raise sentencing issues based on violations of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), finding no error in the sentence, as "defendant was sentenced within the prescribed statutory maximum of ten to life imprisonment."[1] The Court also stated "Further, the defendant has not identified how Apprendi and Blakely would change the outcome of his sentence, and therefore, the Court finds that trial counsel was not ineffective for failing to object to the Court's sentence under Apprendi and Blakely."[2]

Petitioner now, almost three years later, brings this motion to reconsider the Court's denial of his previous §2255 motion. In his motion, he argues "Petitioner submits that this Court has misapprehended his Ineffective Assistance of Counsel's Apprendi/Blakely claim, and as such, this matter is cognizable in the Court under the instant Fed. R.Civ.P. 60(b) Motion. . . ."[3]

***Applicable Law and Discussion***

It is well-settled that courts may treat Rule 60(b) motions that are brought by prisoners seeking to set aside their convictions or sentences on Constitutional grounds as

---

[1] *Ruling* (Rec. Doc. 443), p. 3.

[2] *Id.*

[3] *Petition* (Rec. Doc. 496), p. 3.

§ 2255 motions.[4] A Rule 60(b) motion, or any other motion, is considered to be the functional equivalent of a § 2255 motion when the motion attacks the underlying conviction or sentence in a criminal case rather than some defect in the integrity of the federal *habeas corpus* proceedings.[5] In this motion, petitioner seeks to have the Court reconsider its prior denial of his § 2255 motion, in which he sought to have his sentence vacated and reconsidered. Therefore, the undersigned finds the motion, although styled as a Rule 60(b) motion, is a claim for relief under § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts "second or successive" *habeas corpus* applications and serves a gatekeeping function by preventing the repeated filing of *habeas* petitions that attack the prisoner's underlying conviction or sentence.[6] Although AEDPA does not define the term "second or successive," the jurisprudence is clear that a prisoner's application for post-conviction relief is not deemed to be "second or successive" simply because it follows an earlier petition for such relief. Instead, a subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or constitutes abuse of

---

[4] See, e.g., *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

[5] *Gonzales v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646-48, 162 L.Ed.2d 480 (2005).

[6] *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).

the writ process.[7]

When Petitioner filed his initial § 2255 petition in 2007, he raised the issue of his counsels' ineffectiveness for failing to object to petitioner's sentence under Apprendi and Blakely, the issue he again raises here. Therefore, the undersigned finds that the pending motion constitutes a "second or successive" petition for post-conviction relief.

A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances. AEDPA states that a prisoner must receive authorization from the court of appeals before filing a second or successive § 2255 motion.[8] In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant motion. When a prisoner's motion is construed as a successive § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion.[9] The prisoner's failure to seek appellate court authorization acts as a jurisdictional bar.[10] Consequently, until such time as Petitioner obtains authorization, this Court has no jurisdiction over Petitioner's pending motion.[11]

---

[7] *U.S. v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

[8] 28 U.S.C. §§ 2255, 2244(b)(3)(A).

[9] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). See, also, *United States v. Jefferson*, 225 Fed.Appx. 264, 2007 WL 1170879, 1 (5th Cir. 2007).

[10] *United States v. Key*, 205 F.3d at 774.

[11] *Hooker v. Sivley*, 187 .3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d at 774; *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Alternatively, AEDPA states that, if a petitioner presents a new claim in a "second or successive" *habeas* application, that claim must be dismissed unless (1) the petitioner is relying on a new rule of constitutional law that was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would establish, by clear and convincing evidence that, but for Constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[12]  Petitioner's motion does not seek to establish either of these two exceptions to the rule prohibiting "second or successive" *habeas* applications.  His current motion does not rely upon newly discovered facts or upon a new rule of Constitutional law.  For that reason, it does not satisfy AEDPA's requirements for permissible "second or successive" § 2255 motions.

Therefore, Petitioner's motion, as a "second or successive" motion, is flawed for two reasons:  Petitioner did not seek authority from the Fifth Circuit before filing the motion, and the motion does not satisfy AEDPA's criteria for sustainable "second or successive" motions.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for summary dismissal and cause the movant to be notified."

---

[12] 28 U.S.C. § 2244(b)(2)(A)-(B)(ii).

Alternatively, the matter may be transferred to the Fifth Circuit. The Fifth Circuit, in the case of *In Re Epps*,[13] outlined the procedure to be used when a district court determines that transfer of a "second or successive" *habeas corpus* petition to the Court of Appeals is appropriate. The *Epps* decision did not mandate the transfer of successive § 2255 petitions to the Fifth Circuit, but suggested that transfer might be appropriate in some cases and set forth a procedure to be used when a successive petition filed without prior authorization is transferred to the appellate court by a district court. The undersigned finds transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed... and the action... shall proceed as if it had been filed in... the court to which it is transferred....

### *Conclusion and Recommendations*

Petitioner's motion is the functional equivalent of a "second or successive" § 2255 application but, on its face, it does not satisfy AEDPA's requirements for permissible "second or successive" applications. Furthermore, Petitioner did not seek authorization from the Fifth Circuit Court of Appeals before filing the motion. For these reasons,

**IT IS RECOMMENDED** that Petitioner's Fed. R. Civ. P. 60(b)(6) Motion

---

[13] 127 F.3d 364 (5th Cir. 1997).

Requesting for a Nunc Pro Tunc Amended Judgment of the District Court's Final Order Denying Petitioner's Title 28 U.S.C. §2255 Motion Dated August 30, 2007 (Rec. Doc. 496) be deemed a successive *habeas corpus* petition and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Lafayette, Louisiana, this 6th day of October, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)