## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

UNITED STATES OF AMERICA       CRIMINAL ACTION 00-20084

VERSUS       JUDGE HAIK

DELIO JESUS CANDIA (1)       MAGISTRATE JUDGE HANNA

### *REPORT AND RECOMMENDATION*

The Court of Appeals for the Fifth Circuit has remanded the above-captioned matter to this court for the limited purpose of determining whether the untimely filing of the defendant's notice of appeal was due to excusable neglect or good cause pursuant to Federal Rules of Appellate Procedure 4(b)(4).

### *Background*

On July 20, 2010, the district court entered an order denying defendant's motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2).  (Rec. Doc. 493).  The final day for timely filing a notice of appeal was August 3, 2010.  However, defendant filed his pro se notice of appeal on August 23, 2010. (Rec. Doc. 494).

Federal Rules of Appellate Procedure Rule 4(b)(4) grants an additional thirty days to appeal upon a showing to the court of excusable neglect or good cause. "In criminal cases, [the Fifth Circuit] has customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time

1

to appeal." <u>United States v. Awalt</u>, 728 F.2d 704, 705 (5th Cir.1984)(citations omitted). Therefore, the Fifth Circuit remanded this matter to this court for a determination of whether defendant's untimely filing of the notice of appeal was due to excusable neglect or good cause.

Defendant asked for an extension of time to respond to this court's show cause order instructing him to explain any circumstances that may constitute good cause or excusable neglect due to institutional lockdown, which was granted.  (Rec. Doc. 511). Defendant then timely filed his reasons for the delay in filing the notice of appeal in a document entitled Petitioner's Motion to Show Cause Pursuant to F.R.A.P. Rule 4(a)(5)(ii). (Rec. Doc. 515).

In his motion to show cause, defendant explains "that during the month of August, 2010, he had very limited to absolutely no access to legal materials here at the F.C.I. Beaumont Medium Institution, due to the preparation stages of the current Electronic Law Library System."  (Rec. Doc. 515).   Defendant further explained as follows:

> Finally, Petitioner respectfully submits that he is uneducated in the Laws of this Country and have very little experience with my English terminology and without the particular legal material access or the helpful assistance of other inmates, it is very difficult for him to properly effectuate his legal proceedings in the proper manner.

(Rec. Doc. 515).

### Applicable Law and Discussion

The factors to consider in determining excusable neglect were laid out by the Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380,

2

113 S.Ct. 1489 (1993). The Fifth Circuit has held that the factors developed are to be applied when determining excusable neglect in the context of Rule 4(b)(4). See United States v. Clark, 51 F.3d 42, 44 (5th Cir.1995). The Pioneer factors are: "[1] the danger of prejudice to the [non-filing party], [2] the length of the delay and its [3] potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." Pioneer, 507 U.S. at 395, 113 S.Ct. at 1498. The Court held, however, that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." United States v. Clark, 51 F.3d at 43; Pioneer, 507 U.S. at 392, 113 S.Ct. at 1496. Pioneer further instructs that the determination of "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395, 113 S.Ct. at 1498.

There is no real danger of prejudice to the government due to defendant's pro se tardy filing.  Although the notice of appeal was docketed on August 23, 2010, 20 days late, the notice was signed by the defendant on August 14, 2010, only 11 days late.   The late filing itself will have no discernable impact on judicial proceedings.  It appears defendant's access to legal materials and inmate legal counsel were compromised at least during some portion of his time to appeal. The defendant has timely responded to all subsequent court orders, and when unable to timely respond, has explained the reasons

why and properly asked for extensions of time to do so.

Considering all of the circumstances surrounding defendant's tardy filing of the notice of appeal, the undersigned finds same was the result of excusable neglect.

### Conclusion and Recommendation

For all of the reasons given above,

**IT IS RECOMMENDED** that defendant's Notice of Appeal (Rec. Doc. 494) be deemed timely filed due to excusable neglect as permitted by Federal Rules of Appellate Procedure Rule 4(b)(4).

**IT IS FURTHER RECOMMENDED** that Petitioner's Letter/Motion for Clarification in Regards to Petitioner's Motion to Cause, Pursuant to F.R.A.P. 4(a)(5)(ii) (Rec. Doc. 518) be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Lafayette, Louisiana, this 15th  day of March, 2011.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

5